# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOYCE BRANCH WILLIAMS,   *

    Plaintiff,   *

      v   *   Civil Action No. DKC-13-3393

UNITED STATES OF AMERICA   *

    Defendant.   *

## MEMORANDUM OPINION

This case was transferred to this court from the United States District Court for the District of Columbia. ECF No. 3. Plaintiff Joyce Branch-Williams, a resident of Silver Spring, Maryland, is suing the United States for $20 million dollars under the Federal Torts Claims Act ("FTCA"), alleging that her September 20, 2005, job termination from the Department of Veterans Affairs ("DVA") for failing to obtain a requisite social work license was unlawful. ECF No. 1 at 2. Plaintiff's financial affidavit demonstrates she is indigent, and her Motion to Proceed in Forma Pauperis will be granted. ECF No. 2.

## I. BACKGROUND

Plaintiff's has litigated her 2005 discharge in various forums, including four cases filed in this court,[1] three petitions filed with the Merit Systems Protection Board ("MSPB"), three appeals to the United States Court of Appeals for the Federal Circuit, and two discrimination complaints followed by two appeals to the Equal Employment Opportunity Commission ("EEOC") Office of Federal Operations ("OFO"). *See* supra n. 1. Although the defendants and causes of action raised in these matters differed, the cases were all predicated on Plaintiff's 2005

---

[1] *See Williams v. U.S. Department of Veterans Affairs, et al.,* Civil Action No. ELH-12-0578, 2012 WL 4757931 (D. Md. October 4, 2012); ECF No. 18 at 2-6 (discussing Plaintiff's prior cases),and Exhibits 1-9.

discharge from the DVA. Further, each of her claims has been dismissed. *See supra* n. 1. In 2007, the Honorable William Quarles, Jr. dismissed, on summary judgment, Plaintiff's claims for wrongful discharge, retaliatory discrimination, harassment, and sexual harassment. *See Branch-Williams v. Nicholson* Civ. No. WDQ-06-1327, 2007 WL 4468708, at *3-8 (D. Md. April 2, 2007). In 2010, the Honorable Frederick J. Motz dismissed a complaint arising out of Plaintiff's 2005 discharge as barred by res judicata because of the 2007 decision. *See Branch-Williams v. Spencer,* Civ. No. JFM-09-2687, 2010 WL 231746 (D. Md. Jan. 13, 2010). In 2012, the Honorable Ellen L. Hollander dismissed without prejudice Plaintiff's complaint predicated on her 2005 discharge for failure to comply with federal pleading requirements because it did not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Branch-Williams v. Davis, et al,* Civ. No. ELH-12-206-ELH, slip op. at 3 (D. Md. Jan 31, 2012) (quoting *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 512 (2002)). Most recently, in *Branch- Williams v. U.S. Department of Veterans Affairs, et al.,* Civil Action No. ELH-12-0578, 2012 WL 4757931 (D. Md. October 4, 2012), Judge Hollander dismissed on summary judgment Plaintiff's claims of slander, defamation, perjury, fraud, intentional infliction of emotional distress, and breach of contract, as barred under the doctrine of res judicata. *Id*. at * 3.[2]

In the instant matter, Plaintiff disputes the DVA's May 10, 2013, denial of her request to reconsider dismissal of her administrative tort claim as untimely. ECF No. 1 at 2 and 9-10. Plaintiff states she filed her administrative torts claim on September 30, 2005, the same day she was terminated from employment, and "[a] copy of my initial filing should be in my records,

---

[2] The government's request to issue a prefiling injunction against Plaintiff for any actions related to her 2005 discharge was denied in this case. *See Williams v. U.S. Department of Veterans Affairs, et al*., Civil Action No. ELH-12-0578 (D. Md. 2012); ECF Nos. 18 and 19.

unless those records were destroyed." *Id*. at 2. Moreover, she has filed a copy of the form in support of the instant complaint. *Id*. at 7. The claim form reads:

> I was terminated from the Vet Center after 12 years at 10:30 today September 30, 2005. Mr. Philip Harmer, Regional Manager, and Mr. David Terry Luper, APM, stated in a letter, that I have enclosed, that my social work license by the state of Maryland, was insufficient. I have also enclosed a letter written to Ms. Carla Clark-Guthrie detailing the same information. However, Ms. Guthrie was allowed to keep her job.

ECF No. 1 at 7.

The May 10, 2013 denial of reconsideration issued by the DVA's Office of Regional Counsel, states in part:

> You allege in your claim you were removed from your position in September 2005 due to the negligence of VA employees. When you filed your claim on October 22, 2012, more than 2 years had elapsed from the date, September 30, 2005, on which you suffered your alleged injuries. The date you suffered your alleged injuries is also the date on which your claim accrued. A claim must be filed with the appropriate federal agency within 2 years of the date such claim accrues to be actionable under the Federal Tort Claims Act. Section 2401(b), Title 28, United States Code. Accordingly, as your claim was not filed within two years of the date it accrued, it is no longer actionable.
>
> Additionally, we reviewed your claims and have found no such negligent or wrongful acts or omissions in the allegations raised in the tort claim referenced above. Consequently, your reconsideration is also denied because no negligence is reflected in your allegations.

*Id*. at 9.

## II.  DISCUSSION

"As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citing United *States v. Sherwood*, 312 U.S. 584, 586, 61 (1941)). However, the FTCA "effects a limited waiver of the United States' sovereign immunity for 'personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting

within the scope of his office or employment.' " *Welch*, 409 F.3d at 651 (quoting 28 U.S.C. § 1346(b)(1)). The statute states that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401. This administrative exhaustion requirement "is jurisdictional and may not be waived." *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000) (citing *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986)).

Even if the court were to assume that it has jurisdiction over this case because Plaintiff's administrative claim was timely filed and her administrative remedies exhausted, Plaintiff provides no grounds for this court to disturb the DVA decision because she did not allege negligence or a wrongful act or admission subject to redress under the FTCA.[3]

Accordingly, the court will grant Plaintiff fourteen (14) days to show cause why this case should not be denied and dismissed without requiring a response from Defendant. A separate Order follows.

  November 22, 2013             _____/s/_____
Date                                                   DEBORAH K. CHASANOW
                                                          United States District Judge

---

[3] As noted, Plaintiff's tort claims raised in this court were unavailing. *See* supra p. 2.